IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

ROYAL T PROPERTIES, LLC

    **Plaintiff,**                            Case No.:

v.

MCGRIFF INSURANCE SERVICES, INC.

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, ROYAL T PROPERTIES, LLC, by and through its undersigned counsel, files this Complaint against Defendant, MCGRIFF INSURANCE SERVICES, INC., and as grounds therefore, states as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages caused by Defendant's negligence.

2. The amount in controversy in this action exceeds the sum of fifty thousand and 00/100 dollars ($50,000.00), exclusive of prejudgment interest, costs, and attorney's fees.

3. At all times material to this action, Plaintiff was and is a Florida limited liability company doing business in Lee County, Florida.

4. At all times material to this action, Defendant is and/or was a corporation duly licensed to transact insurance business in the State of Florida. At all times material to this action, Defendant did business in Lee County, FL.

5. Defendant has an office located at 12751 New Brittany Blvd, Suite 201, Fort Myers, FL 33907.

**EXHIBIT "A"**

6. Since at least 2019, Plaintiff has used Defendant to secure proper insurance coverage for the Plaintiff to cover its commercial buildings located at 3900 Broadway, Fort Myers, FL 33901.

7. On or about July 26, 2022, Defendant offered to Plaintiff and Plaintiff requested that Defendant secure the proper insurance coverage for the Plaintiff to cover its commercial buildings located at 3900 Broadway, Fort Myers, FL 33901 pursuant to all risk products available in the market including products available to cover the buildings for damages caused by wind.

8. The Defendant knew that Plaintiff had requested and wanted Defendant to bind the Plaintiff with a policy that would protect Plaintiff's commercial buildings from all risks including damages caused by wind.

9. The Defendant bound the Plaintiff with an insurance policy with Certain Underwriters at Lloyd's, London ("Lloyds").

10. The Lloyds policy did not provide coverage for damage caused by wind. Indeed, unbeknownst to Plaintiff, the Lloyd's policy that Defendant bound the Plaintiff with stated: "We will not pay for loss or damage caused directly or indirectly by the following causes of loss, regardless of any other cause or event contributing concurrently or in any sequence thereto: Windstorm."

11. On or about September 28, 2022, the Plaintiff suffered extensive wind damage to its commercial buildings as a result of wind from Hurricane Ian.

12. On or about November 21, 2022, Defendant provided Plaintiff with a copy of the Lloyd's policy excluding damage caused by windstorm.

13. Lloyds denied coverage for the wind damage to Plaintiff's commercial buildings caused by Hurricane Ian because the Policy that Defendant negligently procured from Lloyd's did not provide coverage for damage caused by wind.

## COUNT I – NEGLIGENCE

14. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirteen (13) as if fully restated herein.

15. The Defendant is an insurance agent which sells insurance products to consumers.

16. Defendant, as an insurance professional, had a duty of care to secure insurance for Plaintiff's commercial buildings that insured them against wind damage.

17. Defendant breached its duty when it failed to secure wind insurance for Plaintiff's commercial buildings before Hurricane Ian.

18. Defendant, as an insurance professional, had a duty to procure the proper insurance policy that would properly protect the Plaintiff's commercial buildings including from damage caused by wind.

19. The Defendant breached this duty when Defendant secured a policy through Lloyd's that did not insure Plaintiff's commercial buildings for damage caused by wind.

20. Defendant, as an insurance professional, had a duty of care to inform the Plaintiff that it secured an insurance policy with Lloyd's that did not insure Plaintiff's commercial buildings against wind damage.

21. Defendant breached its duty when it failed to inform Plaintiff prior to Hurricane Ian that Plaintiff's commercial buildings were not insured against wind damage.

22. Plaintiff was damaged by the Defendant's breaches when Plaintiff failed to receive insurance proceeds for damages to its commercial buildings caused by wind from Hurricane Ian.

23.    Plaintiff has been damaged by Defendant's negligence in the form of insurance proceeds that would have been available and paid plus interest and court costs had the Defendant secured the proper wind insurance for the Plaintiff's commercial buildings.

24.    Plaintiff's damages became apparent after Lloyd's denied coverage for the wind damage to Plaintiff's commercial buildings caused by Hurricane Ian.

25.    Plaintiff notified Defendant of Plaintiff's claim for damages resulting from Defendant's negligence. Defendant failed to respond in any way to this notification.

26.    As a result of Defendant's negligence, it has become necessary that the Plaintiff retain the services of the undersigned attorney and pay a reasonable fee and cost.

WHEREFORE, Plaintiff requests that this Court enter a judgment and award against Defendant of compensatory damages, prejudgment interest, costs of this action, and such other and further relief as this Court may deem just and proper. Further, Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

**TRAVIS WATSON, P.A.**

/s/ Travis Watson
Travis D. Watson, Esq.
travis@traviswatsonlaw.com
FBN: 47154
TRAVIS WATSON, P.A.
17862 Hunting Bow Circle, Suite 102
Lutz, Florida 33558
(813) 579-5588 (telephone)
(813) 579-5585 (facsimile)
*Attorney for Plaintiff*